UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Miscellaneous Motion of Tower Manufacturing Corporation to Quash Subpoena Duces Tecum, and/or For a Protective Order Pursuant to Federal Rule of Civil Procedure 45(2)(c)(1), 45(c)(2)(A) and (B), 45(c)(3)(A)(i), (iii), (iv) and 45(c)(3)(B) which Subpoena is issued through the Federal District Court for the District of Rhode Island | MISC 06 -025S<br>M.P. # |
| LEVITON MANUFACTURING CO., INC.<br>Plaintiff<br><br>vs.<br><br>HML, YVENQUNG HUAMELI ELECTRONIC CO., LTD. | Pending in the United States District Court for the Eastern District of New York<br><br>Civil Action No. CV-2002-0479 (NGG)(MDG) |

MOTION OF TOWER MANUFACTURING CORPORATION TO QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER

Now comes Tower Manufacturing Corporation and hereby, pursuant to Federal Rule of Civil Procedure 45(2)(c), 45(2)(c)(1), 45(c)(2)(A) and (B), 45(c)(3)(A)(i), (iii), (iv) and 45(c)(3)(B), moves to either Quash the Subpoena Duces Tecum and/or issue a protective order arising out of that certain Subpoena Duces Tecum served on Tower Manufacturing corporation, a copy of which is attached hereto and is made a part hereof as Exhibit (1), and as grounds for this Motion, Tower states as follows:

1. The Subpoena, Exhibit (1) is defective under Rule 45(a)(2)(c) to the extent that it calls for the production of documents for inspection and/or copying at Greenberg Traurig, LLP, Metlife Building, 200 Park Avenue, New York, New York 10166, which is without the jurisdiction of this Honorable Court, on April 3, 2006, i.e. a date separate and

apart from the attendance at a deposition contained in the Subpoena, for an April 10, 2006 30(b)(6) deposition. Rule 45(a)(2)(C) does provide that if production and inspection is separated from a command for a person's attendance, it can only issue from the Court for the district where the production or inspection is to be made. Therefore, the Subpoena, as a matter of law is defective, as it does not provide for the inspection and copying of documents within the District of Rhode Island, from which District the Subpoena, Exhibit (1) was issued.

2. The Subpoena, Exhibit (1), was served on Tower Manufacturing on March 28, 2006, commanding the production of documents and materials for inspection in New York, on April 3, 2006, i.e. within six (6) days of the date of service inclusive of a weekend. Tower Manufacturing Corporation is not a party to this litigation. The Subpoena, Exhibit (1) seeks eleven (11) separate categories of materials and/or product and/or documents, which could involve a review of thousand of pages of largely historical materials, which will be extremely time consuming and expensive, and which to the extent responsive materials may exist they are archived to some extent, would be in several different locations, not necessarily specifically indexed, mixed in with boxes and/or computer files of other materials and would be very expensive to provide. Therefore, the subject Subpoena Duces Tecum is not in compliance with Rule 45(c)(1) which requires "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." The expansive request contained in the Subpoena to provide documents, materials and objects, in New York, within six (6) days, inclusive of

a weekend, at a substantial cost, is not consistent with this requirement. Rule 45(c)(1) does further provide that, "The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

3. In addition to the foregoing, the subpoena, Exhibit (1), is seeking to take a 30(b)(6) deposition of Tower Manufacturing Corporation on April 10, 2006, which is thirteen (13) days after the March 23, 2006 service of the Subpoena on the deponent Corporation. For many of the same reasons stated in paragraph 2 above, this is again in violation of the requirements of Rule 45(c)(1).

4. Rule 45(c)(3)(A) requires that "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena it is "(i) fails to allow reasonable time for compliance;". Again, for the reasons set forth in paragraphs 2 and 3 above, the Subpoena does not allow reasonable time for compliance.

5. Rule 45(c)(3) (A) does provide that "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it "(iv) subjects a person to undue burden". Tower Manufacturing is a relatively small, privately owned company, with no centralized record keeping. The only person who can appropriately stand in for Tower Manufacturing Corporation, in a 30(b)(6) deposition, in accordance with the, "NOTICE OF TAKING VIDEO-TAPED DEPOSITION AND SUBPOENA DUCES TECUM OF TOWER MANUFACTURING PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE", which is seeking "one or more of its

officers, directors, managing agents, or other persons who are knowledgeable and can testify on its behalf with respect to each of the subject matters listed in the attached enclosed subpoena", is the President of Tower Manufacturing Corporation, Louis J. Shatkin. Mr. Shatkin is a 70 year old individual, who on April 10, 2006, the date of the scheduled deposition, will be in various parts of China, on business essential to the financial and structural well being of Tower Manufacturing corporation and its related entities including, but not limited to, business and negotiations concerning production, personnel, pricing, manufacturing, quality control, business planning, marketing, inventory, purchasing, customer and vendor relations, development, physical plant and legal matters, and will not be returning to the United States, until May 19, 2006 at the earliest. That business trip has been scheduled for months and Mr. Shatkin has numerous scheduled meetings and appointments and product deadlines and other time sensitive duties to fulfill in China. Therefore, based on the serving of the subject Subpoena Duces Tecum on Louis Shatkin on March 28, 2006 seeking documents and materials on April 3, 2006 in New York and scheduling an April 10, 2006 30(b)(6) deposition in Rhode Island, when Mr. Shatkin will be in China, and further based on all of the reasons set forth in paragraphs 2, 3, and 4 above and paragraphs 6 and 7 below, the subject subpoena subjects Tower and Louis Shatkin to an undue burden.

6. In addition, the Subpoena is subject to the provisions of Rule 45(c)(3)(B)(i) which does state "If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information,.... the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena..."

Exhibit (A) to the Subpoena, does seek trade secrets, other confidential research, development, or commercial information including, but in no way limited to, the following categories:

A. Communication with numerous customers and/or vendors, containing proprietary information;

B. Product samples, whether placed into the market place or otherwise, and/or whether in development or otherwise.

C. Costing information;

D. Pricing information;

E. distribution plans and procedures;

F. Marketing plan and procedures;

G. Importing and exporting information;

H. Packaging information;

I. Market areas;

J. Private contracts;

K. Revenue sharing;

L. Product costs;

M. Profits;

N. Margins;

O. Distribution and brokering networks;

P. Sales levels;

Q. Private operating and profit and loss statements, private financial information;

R. Costing analysis;

S. Marketing information;

T. Expenses; and

U. Methodology for tracking and calculating sales, pricing, inventory levels.

7. It is again essential to note for purposes of this Motion that Tower Manufacturing Corporation is not a party to this New York litigation.

8. Attached hereto and made a part hereof as Exhibit (2) is a copy of a Federal Court Rule of Civil Procedure 45(c)(2)(B) Objection by Tower Manufacturing, to inspect and/or copy designated materials.

WHEREFORE, Tower Manufacturing corporation respectfully prays that this Honorable Court quash the Subpoena, Exhibit (1) hereto and/or grant such other and further relief including, but in no way limited to a Protective Order, as this Honorable Court deems just and appropriate under Federal Rule of Civil Procedure 45.

TOWER MANUFACTURING CORPORATION

By Its Attorney,

Bruce W. Gladstone, Esq. #2643
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
Tel: 401-331-5700/Fax: 401-331-5787

Dated: March 31, 2006

## CERTIFICATE

The undersigned does hereby certify that I did on the 31st day of March, 2005 deliver this Motion to Quash and/or for a Protective Order, and/or seeking other relief, to the New York Attorney who acted as the issuing officer of the Subpoena, Deepro R. Mukerjee, Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, New York 10166, by regular mail postage prepaid, certified mail return receipt requested, and by telecopy.

______________________________

H:\ARCHIVE\nbd\Tower\Leviton\Pleadings\Motion.doc