**ISSUED BY THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

LEVITON MANUFACTURING CO., INC.,
Plaintiff,

vs

HML, YUENQING HUAMELI ELECTRONIC CO., LTD

Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Pending in the Eastern District of New York:
Civil Action No.: CV-2002-0479 (NGG)(MDG)

TO: Tower Manufacturing Corporation
25 Resevoir Avenue
Providence, RI 02907

☐YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Providence Biltmore, 11 Dorrance Street, Providence, Rhode Island 02903 | April 10, 2006<br>10:00 a.m. |

☒YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, NY 10166 | April 3, 2006 |

☐YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Leviton Manufacturing Co., Inc. | March 24, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Deepro R. Mukerjee
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
(212) 801-9200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

*If action is pending in district other than district of issuance, state district under case number.

A TRUE COPY ATTEST
[signature]
P.G. HUGHES
CONSTABLE #6063
SERVED 3/28/06 @ 11:20 AM

**PROOF OF SERVICE**

DATE PLACE

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED ON (PRINT NAME)

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________

______________________ SIGNATURE OF SERVER

DATE

______________________ ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection or premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**EXHIBIT A TO SUBPOENA DUCES TECUM OF TOWER MANUFACTURING CORPORATION**

Tower is requested to produce copies of the following documents and things, in accordance with the Definitions attached as Exhibit C. All such documents and things are to be treated as Highly Confidential/Attorneys Eyes Only, subject to the protective order to be entered in this action.

1. All documents and things constituting, identified in, or concerning any correspondence or communication between or amongst Tower, Delixi, Fuzhou, Huajia, HML, Zhejiang, Wenzhou, Van-Sheen and/or Shanghai Meihao relating to the GFCI products brokered, distributed, or sold by Tower and purchased from, distributed for or by, or manufactured by HML, Fuzhou, Huajia, or Delixi directly or indirectly.

2. Samples of GFCI devices brokered on behalf of, purchased from, distributed for or by, or manufactured by HML, Fuzhou, Huajia, or Delixi through June 27, 2003.

3. The existence, location, custody and control of documents, including without limitation, hard copy, e-mail and other electronic communications, concerning the procedures and/or searches followed by Tower in collecting and reviewing documents in response to the discovery requested in this matter.

4. Documents and written materials relating to any of Tower's brokering, distribution, importation, exportation, offers to sell or sale of each GFCI model purchased from, distributed by, or manufactured by HML, Fuzhou, Huajia, or Delixi from 1997 through June 27, 2003, including but not limited to the cost and procedures associated with the distribution, importing, exporting, delivery, packaging and wrapping of the same, including breakdown by geographical area.

5. Arrangements or agreement between Tower and any other person or entity, for sharing or distributing revenue costs or profits generated by the sale, distribution, or brokering of GFCI products brokered on behalf of, purchased from, distributed by, or manufactured by HML, Fuzhou, Huajia, or Delixi.

6. Sales within the United States, by unit and dollar amount, of each type of GFCI distributed for, brokered on behalf of, purchased from, distributed by, or manufactured by HML, Fuzhou, Huajia, or Delixi from 1997 through June 27, 2003, including the geographic breakdown of such sales.

7. Tower's operating statements, profit and loss statements, or similar financial information, and documents comprising cost analyses for each of the GFCI products, brokered on behalf of, purchased from, distributed for or by, or manufactured by HML, Fuzhou, Huajia, or Delixi, made, used, marketed, promoted, advertised, distributed, imported, exported, offered for sale and/or sold for the year 1997, and each succeeding year, through June 27, 2003.

8. Expenses for each GFCI product brokered on behalf of, purchased from, distributed for or by, or manufactured by HML, Fuzhou, Huajia, or Delixi, for the year 1997 and each succeeding year, through June 27, 2003.

9. Methods by which Tower calculates and tracks sales, prices, inventory levels, costs, and profits for each GFCI product brokered on behalf of, purchased from, distributed for or by, or manufactured by HML, Fuzhou, Huajia, or Delixi.

10. Tower's importing costs of GFCI products brokered on behalf of, purchased from, distributed for or by, or manufactured by HML, Fuzhou, Huajia, or Delixi and sold since 1997, through June 27, 2003.

11. Tower's sales of GFCI products brokered on behalf of, purchased from, distributed for or by, or manufactured by HML, Fuzhou, Huajia, or Delixi since 1997, through June 27, 2003.

**EXHIBIT B TO THE SUBPOENA OF**
**TOWER MANUFACTURING CORPORATION**

**TOPICS TO BE QUESTIONED ABOUT**

1. The subject matter and authenticity of the documents requested to be produced.

**EXHIBIT C TO THE SUBPOENA DUCES TECUM OF TOWER MANUFACTURING CORPORATION**

**DEFINITIONS**

1. As used herein, "Tower" refers to Tower Manufacturing Corporation, and its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries, its officers, directors, trustees, employees, representatives, and any others acting on behalf of Tower.

2. As used herein, "HML" refers to HML, Yueqing Huameli Electronic Co., Ltd., and its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries, its officers, directors, trustees, employees, representatives, and any others acting on behalf of HML.

3. As used herein, "Delixi" refers to Delixi Group, Ltd., and its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries (including Delixi Group Imp. & Exp. Co., Ltd.), its officers, directors, trustees, employees, representatives, and any others acting on behalf of Delixi.

4. As used herein, "Fuzhou" refers to Fuzhou City Minerals Import/Export Co., Ltd., and its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries, its officers, directors, trustees, employees, representatives, and any others acting on behalf of Fuzhou.

5. As used herein, "Huajia" refers to Wenzhou Huajia Electric Appliances, and its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries, its officers, directors, trustees, employees, representatives, and any others acting on behalf of Huajia.

6. As used herein, "Zhejiang" refers to Zhejiang Dongzheng Electrical Co., Ltd., and its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries, its officers, directors, trustees, employees, representatives, and any others acting on behalf of Zhejiang.

7. As used herein, "Wenzhou" refers to Wenzhou E. T. Foreign Trade Co., Ltd. its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries, its officers, directors, trustees, employees, representatives, and any others acting on behalf of Wenzhou.

8. As used herein, "Van-Sheen" refers to Van-Sheen Electric Appliance Co., Ltd. and Van-Sheen Electric Appliance Co., Ltd. d/b/a Yatai Switch Factory, their successors-in-interest, their predecessors-in-interest, their parents, affiliates, subsidiaries, their officers, directors, trustees, employees, representatives, and any others acting on behalf of Van-Sheen.

9. As used herein, "Shanghai Meihao" refers to Shanghai Meihao, Electric Inc., its successors-in-interest, its predecessors-in-interest, its parents, affiliates, subsidiaries, its

officers, directors, trustees, employees, representatives, and any others acting on behalf of Shanghai Meihao.

10. As used herein, "Leviton" refers to Leviton Manufacturing Co., Inc., the Plaintiff in this action.

11. The terms "document" or "documents" have the broadest meaning that can be ascribed to them pursuant to Fed. R. Civ. P. 34, including, without limitation, all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. The term "document" includes, without limitation, all available paper documents and all electronic formats including all meta data. Without limiting the foregoing, the term "document" includes as available, paper documents and all electronic formats including all meta data, video tapes, films, audio tapes, electronic mail, computer disks, compact disks, books, papers, letters, telegrams, memoranda, communications, minutes, notes, schedules, tabulations, vouchers, accounts, statements, affidavits, reports, abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photostats, photographs, charts, graphs and other similar objects, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form from a computer or other electronic storage device. "Document" or "documents" also includes all copies which are not identical to the original.

12. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.